UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANEELA RAFIQUE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PREMIER FINANCIAL ALLIANCE, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00732-JST<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY APPEAL AS FRIVOLOUS; ORDER GRANTING DEFENDANTS' MOTION FOR STAY PENDING APPEAL; ORDER TERMINATING AS MOOT DEFENDANTS' MOTION TO EXTEND TIME**<br><br>Re: ECF Nos. 56, 62, 72 |

The parties agreed to arbitrate Plaintiffs' claims with the American Arbitration Association ("AAA") in a single arbitration, and the Court stayed this case pending that proceeding. ECF No. 44. After Plaintiffs initiated the arbitration, Defendants failed to pay the initial arbitration fee, causing AAA to terminate the arbitration. Plaintiffs subsequently moved to lift the stay. ECF No. 45. Although Defendants claimed their failure to pay was an inadvertent error, the Court disagreed and concluded that Defendants waived their right to arbitrate:

> [T]here is no evidence that Defendants ever responded to either the AAA or Plaintiffs' counsel after repeated correspondence regarding the arbitration, were in the process of paying the filing fee, or otherwise attempted to participate in the arbitration before the AAA closed the proceedings. Defendants offered to pay the required fees only when faced with the reality of a terminated arbitration proceeding. Such conduct is inconsistent with the right to arbitrate. Having considered the totality of the circumstances, the Court concludes that Defendants waived that right.

ECF No. 54 at 8. The court therefore granted Plaintiffs' motion to lift the stay and set this case for a case management conference. *Id.*

Defendants appealed the Court's order lifting the stay and have moved to stay the case pending appeal. ECF Nos. 55, 56. Plaintiffs responded by asking the Court to certify Defendants'

1    appeal as frivolous. ECF No. 62. Having reviewed all of the papers, the Court finds both motions
2    suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).
3          A party may appeal an order "refusing a stay of any action under [9 U.S.C. § 3]," 9 U.S.C.
4    § 16(a)(1)(A). Plaintiffs argue that Section 3 does not apply to Defendants' appeal because it
5    provides that a stay should be granted if "the applicant for the stay is not in default in proceeding
6    with such arbitration," 9 U.S.C. § 3, and that Defendants are in default because they did not pay
7    AAA's fees. However, this argument goes to the merits of Defendants' appeal, not the
8    appealability of the Court's order.
9          An appeal "divests the district court of its control over those aspects of the case involved in
10   the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).
11   When "the question on appeal is whether the case belongs in arbitration or instead in the district
12   court, the entire case is essentially 'involved in the appeal,'" and the "common practice in § 16(a)
13   cases . . . is for a district court to stay its proceedings while the interlocutory appeal on arbitrability
14   is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741, 742 (2023) (quoting *Griggs*, 459 U.S.
15   at 58).
16         However, "a frivolous or forfeited appeal does not automatically divest the court of
17   jurisdiction," and "a district court may certify in writing that the appeal is frivolous or waived.
18   Without such certification, the trial is automatically delayed until disposition of the appeal."
19   *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). "An appeal is frivolous if it is 'wholly
20   without merit.'" *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002)
21   (quoting *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991)). "The standard for
22   a frivolous appeal 'is quite high,'" *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, No.
23   C 12-04634 SI, 2013 WL 3458215, at *1 (N.D. Cal. July 9, 2013) (quoting *Moser v. Encore Cap.
24   Grp., Inc.*, No. 04CV2085-LAB (WMc), 2007 WL 1114113, at *3 (S.D. Cal. Mar. 27, 2007)), and
25   a party's "mere disagreement with the merits . . . does not constitute frivolousness," *id.*
26         In this case, although the Court agrees with Plaintiffs that Defendants waived their right to
27   arbitration, it does not conclude that Defendants' appeal is "wholly without merit" or that "the
28   results are obvious." *Amwest Mortg.*, 925 F.2d at 1165. Accordingly, the Court denies Plaintiffs'

1  motion to certify Defendants' appeal as frivolous, ECF No. 62.  Plaintiffs remain free to "ask the
2  court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the
3  interlocutory appeal as frivolous."  *Coinbase*, 599 U.S. at 745.

4  Because the Court declines to certify the appeal as frivolous, it grants Defendants' motion
5  for a stay pending appeal, ECF No. 56.  Defendants' motion to extend time to respond to the
6  complaint and discovery, ECF No. 72, is terminated as moot.

7  The May 6, 2025 case management conference is vacated.  The parties shall file a joint
8  status statement within 14 days of the final disposition of Defendants' appeal.

9  **IT IS SO ORDERED.**

10  Dated: March 12, 2025



JON S. TIGAR
United States District Judge